IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN ELBERT BROYLES II,

Plaintiff,

vs.                                                    Case No. 18-3030-SAC

BYRON MARKS, Sheriff of
Cloud County, Kansas, and
AMBER LINDBERG,
Administrator of Cloud County
Jail,

Defendants.

MEMORANDUM AND ORDER

The plaintiff John Elbert Broyles II, an inmate at Cloud County

Jail, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges

his Eighth Amendment rights were violated by what he calls cruel and

unusual punishment from having been served for the month before his

complaint either the same two Kosher meals alternated between lunch and

dinner on most days or the same Kosher meal for both lunch and dinner on

some days. He also alleges his Fourteenth Amendment rights to equal

protection were violated by receiving these same limited meal choices while

other inmates eating non-Kosher meals have been receiving a wide variety

of meals. The complaint names as the defendants, Sheriff Byron Marks and

Jail Administrator Amber Lindberg. He seeks as relief an order barring his

transfer to another jail facility, giving him "a variety of meal selections," and

awarding him monetary award of $100,000 for pain and suffering, as well costs.

Mr. Broyles alleges speaking with Ms. Lindberg about having the contracted food providers offer a variety of Kosher meal selections and then receiving her assurance that more variety would be coming. He also alleges having advised her, "that limiting . . . [his] diet to only two different meals constitutes 'Cruel and Unusual Punishment,' since all other 'non-Kosher' inmates are being served a wide variety of meals." ECF# 1, p. 5. He further alleges that other inmates have complained about this same limited variety of Kosher meals.

Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the entire complaint or any part of it, "if the complaint … is frivolous, malicious, or fails to state a claim upon which relief can be granted; or … seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48

2

(1988) (citations omitted). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); see also *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).

3

Personal Participation

To allege a constitutional violation, the plaintiff's complaint must include "facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her, as distinguished from collective allegations against the state." *Id.* at 1250. "Allegations of personal participation, like all other factual averments, must be specific, not conclusory." *Hachmeister v. Kline*, 2013 WL 237815 at *3 (D. Kan. Jan. 22, 2013) (internal quotation marks and citations omitted). The plaintiff's complaint is vague in alleging what either defendant specifically did to violate his constitutional rights.

The complaint identifies both defendants by their titles but fails to allege personal involvement in the decision to offer plaintiff only limited Kosher meal selections. The plaintiff alleges he told Ms. Lindberg that she contracts for the meals and that she is liable for the lack of variety. The plaintiff also alleges that Ms. Lindberg assured him on February 4, 2018, that the food contractor had ordered him a variety of Kosher meals. The plaintiff alleges in response that he has yet to receive this variety. The court

notes that Mr. Broyles' complaint was received and filed on February 9, 2018. ECF# 1, pp. 1, 4-5.

Most notably, there is nothing alleged in his complaint that either defendant directly and intentionally limited the Kosher meal selections to consciously and intentionally interfere with Mr. Boyles' free exercise rights. Absent such allegations, Mr. Broyles' complaint fails to state a factual or legal basis for a First Amendment or Fourteenth Amendment violation under § 1983. *See Watkins v. Rogers*, 525 Fed. Appx. 756, 759 (10th Cir. 2013). Nor has Mr. Broyles alleged any individual actions taken by either defendant to show personal involvement under § 1983, which "does not authorize liability under a theory of respondeat superior." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011).

Eighth Amendment Claim

"The Constitution does not mandate comfortable prisons, . . ., but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v.*

*Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "A prison must provide adequate food . . ., and the food must be nutritionally adequate." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 537 U.S. 978 (2002). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *Id*. Prison officials have broad discretionary authority to manage and control prisons. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987).

The Supreme Court in *Farmer* spelled out that the Eighth Amendment can be violated for inhumane condition when the alleged deprivation is first, "objectively, sufficiently serious," such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." 511 U.S. at 834 (internal citations and quotation marks omitted). "[T]o satisfy this prong of the *Farmer* test, a prisoner must show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834). To allege an Eighth Amendment violation, the plaintiff must show as the second prong that the defendants acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Miller v. Glanz*, 948 F.2d 1562, 1566-67 (10th Cir. 1991). This standard incorporates balancing "judicial respect for the exigencies of running a"

detention facility against the Eighth Amendment concepts related to human dignity and civilized decency. *DeSpain*, 264 F.3d at 973.

"Tasty or even appetizing food is not a basic necessity for humane living." *Williams v. Berge*, 102 Fed. Appx. 506, 507 (7th Cir. 2004); see also *Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017)(rejecting Eighth Amendment claim based in part upon poor quality food); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993)(food need not be tasty or aesthetically pleasing); *Waterman v. Cherokee County Jail*, 18-3092-SAC, 2018 WL 2046911, at *4 (D. Kan. May 2, 2018)("[P]roviding stale food to inmates on a regular basis does not violate the Constitution"). The plaintiff's allegation of a limited selection of kosher lunches and dinners does not state a substantial risk of harm to his health or safety for an Eighth Amendment claim. Nor has he alleged that the defendants acted with deliberate indifference to his health or safety. Summary dismissal of this claim is appropriate.

First and Fourteenth Amendment

The Equal Protection Clause of the Fourteenth Amendment dictates that, "No State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. "This Clause embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (citation omitted). An equal protection claim is assessed as to

"whether the challenged state action intentionally discriminates between groups of persons." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 685 (10th Cir. 2012) (citation omitted). Such intent "implies more than intent as volition or intent as awareness of consequences," but "requires that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because, not merely in spite of the law's differential treatment of a particular class of persons." *Id.* (internal quotation marks and citations omitted). "[F]or a constitutional violation to take place, an intent to discriminate must be present." *Id.* Put another way, the plaintiff must allege purposeful discrimination had a discriminatory effect upon him, that is, he was treated differently than other similarly situated prisoners. See *McCleskey v. Kemp*, 481 U.S. 279, 292–93 (1987).

Equal protection of religion in prisons does not mean that every religious group must receive identical treatment but only that each religious group have "a reasonable opportunity to exercise its religious beliefs." *Neal v. Lewis*, 325 F.Supp.2d 1231, 1238 (D. Kan. 2004) (citing *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972)), *aff'd*, 414 F.3d 1244 (10th Cir. 2005). The plaintiff here is not alleging that he is denied a reasonable opportunity to exercise his religious beliefs. Instead, he wants his religious diet to be as diverse in choice as those who do not practice a religious diet. Alleging the lack of variety of kosher meals does not support a free exercise claim. *Slater v. Teague*, 2018 WL 1800919, at *5 (D. Colo. Mar. 21, 2018) (citing *Strope*

8

*v. Cummings,* 381 Fed.Appx. at 880, 882 (10th Cir. Jun. 9, 2010) (allegation that kosher meal offerings had less variety than regular meals along with other allegations did not impose a substantial burden on defendant's opportunity to exercise his religious beliefs), *report and recommendation adopted*, 2018 WL 1794883 (D. Colo. Apr. 12, 2018). "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). To allege a claim that his right to free exercise of religion was violated, the plaintiff inmate "must adequately allege that the defendants 'substantially burdened [his] sincerely held religious beliefs.'" *Gallagher*, 587 F.3d at 1069 (citing *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

The plaintiff's complaint alleges the defendant Ms. Lindberg represented on February 4, 2018, that the food contractor had ordered the plaintiff a variety of Kosher meals. Thus, the plaintiff's allegations fail to sustain an inference of purposeful discrimination from the jail administrator's initial response to the plaintiff's requests and later reliance on the food contractor's promises to provide wider variety in the Kosher meals. At most, these allegations show no more than negligence, not intentional discrimination. Nor does the complaint allege facts suggesting the defendants substantially burdened his sincerely held religious beliefs.

The official capacity claim for damages against Sheriff Marks is subject to dismissal under the Eleventh Amendment. It is well established that official capacity "claims for . . . , monetary damages, and retroactive declaratory relief are barred by the Eleventh Amendment." *Meiners v. University of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004). The Tenth Circuit has afforded Eleventh Amendment immunity to Kansas county jails and sheriffs. *See Hunter v. Young*, 238 Fed. Appx. 336, 338 (10th Cir. 2007). *See also Nielander v. Board of County Com'rs of Republic, Kan.*, 582 F.3d 1155 (10th Cir.2009) (reaching same result as to Kansas county attorneys). The court agrees with this analysis in *Self v. County of Greenwood*, 12-1317-JTM, 2013 WL 615652, at *2 (D. Kan. Feb. 19, 2013), and dismisses the claim for monetary damages against the defendant Marks in his official capacity is dismissed.

As for any official capacity claim against Ms. Lindberg, the plaintiff in advancing a § 1983 claim against a municipality must show that he was harmed by an official policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Liability exists "only where the municipality itself causes the constitutional violation at issue." *Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694–95) (emphasis in original). The plaintiff's complaint fails to allege any municipal liability against the defendant Lindberg. *See Hachmeister v. Kline*, 2013 WL 237815 at *4 (D. Kan. Jan. 22, 2013).

As for damage claims against the defendants Marks and Lindberg in their individual capacities, the plaintiff has failed to allege facts sufficient to support a claim for compensatory damages under the Free Exercise clause. Federal law precludes prisoners from bringing federal actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This court has held:

> Plaintiff fails to state sufficient facts to support a claim for compensatory damages under the Free Exercise Clause. This is because federal law prohibits prisoners from bringing federal actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Tenth Circuit has held that this limitation on recovery applied to a plaintiff's First Amendment claim that prison officials denied him a Kosher diet (*Ciempa*, 745 F.Supp.2d at 1201) (citing *Searles v. Van Bebber*, 251 F.3d 869, 876–77 (10th Cir.2001)) and to claims for actual or compensatory damages. *Searles*, 251 F.3d at 879, 881; *see also, Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir.), *cert. denied*, 133 S.Ct. 359 (2012); *Nasious v. Robinson*, 2010 WL 1268135, *8, n. 6 (D. Colo. Feb. 17, 2010) (unpublished), *aff'd in part dismissed in part*, 396 Fed. Appx. 526 (10th Cir. Sept. 29, 2010). Mr. Hughes has not described any physical injury caused by the alleged deprivations of his constitutional rights. Accordingly, his claims for actual or compensatory damages are subject to being dismissed unless he presents additional facts showing a prior physical injury.

*Hughes v. Heimgartner*, 2013 WL 760600, at *3 (D. Kan. Feb. 27, 2013). As in *Hughes*, Broyles here has not alleged any physical injury. In sum, the claims for compensatory damages are dismissed, because neither the specific allegations in the complaint nor the facts as presented plausibly support any such claim.

Considering that the plaintiff's factual allegations are plainly insubstantial in character and detail, the court shall dismiss the plaintiff's

complaint as there appears to be no reasonable likelihood of the plaintiff curing the pleading deficiencies to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that the plaintiff's claims under 42 U.S.C. § 1983 are dismissed pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Dated this 22nd day of May, 2018, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge